United States District Court
Southern District of Texas
**ENTERED**
October 28, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JULIAN MODESTO MENDEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-8021 |
| | § | |
| RANDY TATE, et al., | § | |
| | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Julian Modesto Mendez ("Petitioner"), a citizen of Mexico, entered the United States without inspection in 2008.[1] Petitioner has been served with a Notice to Appear, charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).[2] On September 15, 2026, Petitioner was taken into immigration custody, where he remains.[3]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates the Immigration and Nationality Act and due process.[4] Also pending before the court is Respondents' Motion for Summary Judgment

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 10 ¶¶ 23-24; Motion to Stay, and in the Alternative, Motion to Dismiss and/or for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 4, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 4, pp. 2-3.

[3]Habeas Petition, Docket Entry No. 1, p. 10 ¶ 24; Respondents' MSJ, Docket Entry No. 4, p. 3.

[4]Habeas Petition, Docket Entry No. 1, pp. 13-18 ¶¶ 38-54

(Docket Entry No. 4). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[5] Petitioner has filed a reply.[6]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi,166 F.4th 494, 498, 502 (5th Cir. 2026). As explained by the Fifth Circuit in Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), this mandatory detention does not violate substantive or procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 4) is **GRANTED,** and Petitioner's Petitioner's Petition for a Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 27th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[5]Respondents' MSJ, Docket Entry No. 4, pp. 1–2.

[6]Petitioner's Reply to Respondents' Motion for Stay and in the Alternative Motion to Dismiss and/or for Summary Judgment, Docket Entry No. 5.